# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GREGORY BROWNFIELD,

          Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,

          Agency.

DOCKET NUMBER
SF-0752-13-4248-I-1

DATE: August 27, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Gregory Brownfield</u>, Washington, D.C., pro se.

<u>Kimberly A. Jones</u>, Esquire, Laguna Niguel, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 Effective February 22, 2013, the appellant resigned from his GS-12 Immigration Services Analyst position with the U.S. Citizenship and Immigration Services (USCIS) in Laguna Niguel, California. Initial Appeal File (IAF), Tab 1, Attachment 1. On February 8, 2013, following a conversation with his supervisor, IAF, Tab 7 at 11-12, the appellant emailed his supervisor a resignation letter giving 2-weeks' notice of his resignation, IAF Tab 1, Attachment 2 at 7. The agency selected the appellant for a GS-13 Management and Program Analyst position with USCIS in Washington, D.C., on February 12, 2013. IAF, Tab 7 at 16. The appellant received notice of his selection for the new position on February 14, 2013, and he accepted the offer on February 18, 2013. *Id.* at 17. After learning that he had a break in service because he had resigned from his former position, the appellant requested the agency to change the break in service to leave without pay (LWOP) with a subsequent transfer to the new position. IAF, Tab 1 at 5, Attachment 2 at 1-4. After the agency denied his request, *id.*, Attachment 2 at 1, the appellant filed an initial appeal alleging that his resignation was involuntary, *id.* at 1-5.

¶3   The administrative judge issued an order informing the appellant that a resignation is presumed to be voluntary and that he would be granted a hearing only if he made a nonfrivolous allegation that his resignation was the result of agency misrepresentation, coercion, or duress.  IAF, Tab 5 at 1-2.  Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack for jurisdiction, finding that the appellant failed to make a nonfrivolous allegation of jurisdiction.  IAF, Tab 8, Initial Decision at 2, 7.

¶4   The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response to the appellant's petition for review.  PFR File, Tab 3.

¶5   An employee-initiated action, such as a resignation, is presumed to be voluntary and thus outside the Board's jurisdiction unless the employee establishes by preponderant evidence that the agency obtained the action through duress or coercion or that the agency's actions would have misled a reasonable person.  *Searcy v. Department of Commerce*, 114 M.S.P.R. 281, ¶ 12 (2010); 5 C.F.R. § 1201.56(a)(2)(i).  The touchstone of voluntariness analysis is whether, considering the totality of the circumstances, factors operated on the employee's decision-making process that deprived him of freedom of choice.  *Searcy*, 114 M.S.P.R. 281, ¶ 12.  An appellant is entitled to a hearing on the issue of Board jurisdiction over an appeal of an alleged involuntary resignation only if he makes a nonfrivolous allegation casting doubt on the presumption of voluntariness.  *Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643 (Fed. Cir. 1985).  Nonfrivolous allegations of Board jurisdiction are allegations of fact that, if proven, could establish a prima facie case that the Board has jurisdiction over the matter at issue.  *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 6 (2009).

¶6   In his petition for review, the appellant reasserts his argument from below that his resignation was involuntary because it was based on the agency's

misinformation and, therefore, he should not have had a break in service between his former and current positions.  PFR File, Tab 1 at 4.  A decision made "with blinders on," based on misinformation or lack of information, cannot be binding as a matter of fundamental fairness and due process.  *Baldwin v. Department of Veterans Affairs*, 111 M.S.P.R. 586, ¶ 16 (2009).  Where there is a claim that an involuntary action resulted from misinformation, an appellant must show that: (1) the agency made misleading statements; and (2) the appellant reasonably relied on the misinformation to his detriment.  *Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 8 (2009).

¶7        Here, the appellant did not make a nonfrivolous allegation that the agency made a misleading statement.  He alleged below that his supervisor misinformed him by instructing him to submit a resignation letter before he started a new position within the agency.  IAF, Tab 1 at 5, Tab 6 at 4.  However, neither the appellant's supervisor nor the appellant himself knew that the appellant would be selected for another agency position at the time the appellant submitted his resignation letter.  The appellant submitted his resignation letter on February 8, 2013, IAF, Tab 1, Attachment 2 at 7, or 4 days before the agency selected him for the new position on February 12, 2013, IAF, Tab 7 at 16.  The appellant did not allege that his supervisor knew that the appellant was being considered for the new position.  *See* IAF, Tab 1 at 5, Tab 6 at 4.  The appellant did not list his supervisor's name or contact information in his application for the new position.  IAF, Tab 7 at 22.  Therefore, the agency did not contact his supervisor about the new position before the appellant submitted his resignation letter.  *See id.* at 19-20.  Additionally, the appellant did not allege that he told his supervisor that he was resigning to take a different position within the agency or the federal government.  *See* IAF, Tab 1 at 5, Tab 6 at 4.  According to the appellant's supervisor, the appellant denied seeking employment elsewhere within the agency and stated his desire to visit Texas with his family and to pursue job opportunities outside the agency as reasons for his resignation.  IAF, Tab 7 at 11, 19-20.  The

supervisor responded to the appellant's stated desire to leave the agency by obtaining his resignation letter to start the resignation process. *Id.* at 11-12. Therefore, we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation that the agency misinformed the appellant about his resignation.

¶8      Further, the appellant restates his claims of agency discrimination and retaliation. PFR File, Tab 1 at 4. Where the appellant raises claims of discrimination and retaliation in connection with a determination of voluntariness, evidence of discrimination or retaliation may only be addressed insofar as it relates to the issue of voluntariness and not to whether the evidence would establish discrimination or retaliation as an affirmative defense. *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001). In cases where intolerable working conditions are alleged, the Board will find an action involuntary only if the employee demonstrates that the employer or agency engaged in an improper course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Heining v. General Services Administration*, 68 M.S.P.R. 513, 522 (1995); *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 11 (2013).

¶9      The appellant cited below, as examples of the agency's alleged hostile or coercive actions, the denial of his request for a position classification review, his repeated nonselection for positions and promotional opportunities, an investigation into his conduct, and becoming a target of his supervisor. IAF, Tab 6 at 4-28. Dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are generally not so intolerable as to compel a reasonable person to resign. *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000). Although the appellant's work environment may have caused him stress, his cited examples do not show that a reasonable person would have resigned under the same circumstances. His decision to resign appears to have been self-initiated and nothing in the record

suggests that the agency was constructively forcing him to resign. Therefore, the appellant has not made a nonfrivolous allegation that his work environment was so intolerable that a reasonable person in his position would have felt compelled to resign.

¶10    The appellant, moreover, challenges the agency's decision to deny his request to retroactively withdraw his resignation and change his break in service to LWOP with a subsequent transfer. PFR File, Tab 1 at 4. An employee has a right to withdraw a resignation at any time before it is effective unless the agency has a valid reason for refusing to permit the withdrawal. *Levy v. Department of Homeland Security*, 109 M.S.P.R. 444, ¶ 18 (2008); 5 C.F.R. § 715.202(b). An employee's resignation may be deemed involuntary, and therefore within the Board's jurisdiction, if the agency improperly denied his request to withdraw his resignation before its effective date. *See Levy*, 109 M.S.P.R. 444, ¶ 18. There is no provision for waiving the requirement that the request for rescission be made prior to the time the resignation becomes effective. *Glenn v. U.S. Soldiers' & Airmen's Home*, 76 M.S.P.R. 572, 577 (1997). The appellant did not allege that he attempted to withdraw his resignation before its effective date of February 22, 2013. *See* IAF, Tab 1 at 5, Tab 6 at 4. Thus, to the extent that the appellant claims involuntary resignation based upon the agency's alleged failure to let him retroactively withdraw his resignation, his claim fails as a matter of law. *See Glenn*, 76 M.S.P.R. at 577 (an employee does not have a right to withdraw a resignation after its effective date).

¶11    Thus, after a thorough review of the record evidence and the arguments raised on review, we conclude that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary and the administrative judge properly dismissed the appeal for lack of jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.